1  BENJAMIN B. WAGNER
   United States Attorney
2  LUCILLE GONZALES MEIS
3  Regional Chief Counsel, Region IX
   Social Security Administration
4  KATHRYN R. WATSON
5  Special Assistant United States Attorney
        333 Market Street, Suite 1500
6       San Francisco, California 94105
7       Telephone:  (415) 977-8928
        Facsimile:  (415) 744-0134
8       E-Mail: Kathryn.Watson@ssa.gov

9  Attorneys for Defendant

10              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF CALIFORNIA
11                 FRESNO DIVISION

12
   MOUCK SOURINHAMET,          )    Case No. 1:09-CV-00191-SMS
13        Plaintiff,           )
                               )
14 v.                          )    STIPULATION AND ORDER FOR
   MICHAEL J. ASTRUE,          )    THE AWARD OF ATTORNEY'S FEES
15 Commissioner of Social Security,  )    PURSUANT TO THE EQUAL ACCESS TO
        Defendant.            )    JUSTICE ACT, 28 U.S.C. § 2412(d)
16 _____ )

17
        IT IS HEREBY STIPULATED by and between the parties through their undersigned
18
19 counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the

20 Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of ONE THOUSAND

21 AND SEVEN HUNDRED DOLLARS AND 00 CENTS ($1,700.00).  This amount represents

22
23 compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with

24 this civil action, in accordance with 28 U.S.C. § 2412(d).

25      After the Court issues an order for EAJA fees to Plaintiff, the government will consider

26 the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney.  Pursuant to Astrue v.

27 Ratliff, - S.Ct. - , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will
28

                                 1

1  depend on whether the fees are subject to any offset allowed under the United States Department

2  of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will

3

4  determine whether they are subject to any offset.

5          Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines

6  that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees,

7  expenses and costs to be made directly to Plaintiff's counsel, Robert D. Christenson, pursuant to

8

9  the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

10          This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA

11  attorney fees, and does not constitute an admission of liability on the part of Defendant under the

12  EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any

13

14  and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in

15  connection with this action.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.


Respectfully submitted,

Dated: August 25, 2010                    *s/ Robert D. Christenson*
                                          (As authorized by email)
                                          ROBERT D. CHRISTENSON
                                          Attorney for Plaintiff

Date: August 25, 2010                     BENJAMIN B. WAGNER
                                          United States Attorney

                                   By *s/ Kathryn R. Watson*
                                          KATHRYN R. WATSON
                                          Special Assistant U. S. Attorney

                                          Attorneys for Defendant


**ORDER**


IT IS SO ORDERED.

**Dated:   August 25, 2010**                    __/s/ Sandra M. Snyder__
                                          UNITED STATES MAGISTRATE JUDGE